220505
AJA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Progressive Preferred Insurance Company<br>747 Alpha Dr.<br>Highland Hts., OH 44143,<br><br>        Plaintiff,<br>  v. | Case No.<br><br>Judge<br><br>**COMPLAINT FOR DECLARATORY**<br>**JUDGMENT** |
| James Lawson<br>5251 E. Territorial Rd<br>Camden, MI 49232<br><br>    and<br><br>Randy Lawson<br>5251 E. Territorial Rd<br>Camden, MI 49232<br><br>    and | Robert J. Bahret (0014985)<br>Andrew J. Ayers (0022334)<br>ROHRBACHERS CRON MANAHAN<br>TRIMBLE ZIMMERMAN CO., L.P.A.<br> 405 Madison Ave., 8th Floor<br> Toledo, OH  43604<br> Telephone: (419) 248-2607<br> Facsimile: (419) 248-2614<br> Email:  rbahret@rcmtz.com<br> Email:  aayers@rcmtz.com<br>Attorneys for Plaintiff |
| Randy Lawson, Jr.<br>5251 E. Territorial Rd<br>Camden, MI 49232<br><br>    and<br><br>Lawson's Logging, LLC<br>5251 E. Territorial Rd<br>Camden, MI 49232<br><br>    and<br><br>Lawson's Trucking<br>5251 E. Territorial Rd<br>Camden, MI 49232<br><br>        Defendants. | |

Now comes Plaintiff, Progressive Preferred Insurance Company, by and through counsel, and for its Complaint states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the claims in this matter as authorized by 28 USC 1332 as the parties are residents of different states and the amount in controversy is in excess of $75,000.

2. Venue is proper in this district and division as Plaintiff's claims are based upon the issuance of an insurance contract in the State of Ohio in Williams County.

## FACTS COMMON TO ALL CLAIMS

3. Plaintiff incorporates all of its previous allegations by reference as if fully rewritten herein.

4. Plaintiff Progressive is an insurance company authorized to write policies of property and liability insurance in the State of Ohio.

5. Plaintiff issued such a policy, bearing Policy Number 04347968-7 to James Lawson, doing business as Lawson's Trucking with an address of P.O. Box 554, Pioneer, OH 43554. That policy provided Commercial Automobile Coverage and Commercial General Liability Coverage as described in the policy.

6. Upon information and belief, James Lawson is a resident of the State of Michigan, Hillsdale County.

7. Lawson Trucking is a sole proprietorship owned by James Lawson.

8. James Lawson also has an interest in Lawson's Logging, LLC, a Michigan Limited Liability Company having an address of 5251 E. Territorial Road, Camden, Michigan.

9. Upon information and belief, Defendants James Lawson, Randy Lawson, Randy Lawson, Jr., were employees of Lawson's Logging, LLC, aka Lawson's Logging and Sawmill and/ or Lawson Trucking on September 29, 2020.

10. On September 29, 2020, Remington Avery claims to have been injured while in the scope of his employment with Lawson's Logging, LLC and/ or Lawson Trucking while working in the State of Indiana. Remington Avery claims that his injury occurred while logs were being loaded by a "skid steer" operated by Randy Lawson.

11. Remington Avery has filed an action in the Dekalb County, Indiana Superior Court (the State Action) alleging that he sustained bodily injury as a result of the negligence of James Lawson, Randy Lawson, Randy Lawson, Jr. and Lawson's Logging and Lawson's Logging and Sawmill.

## POLICY PROVISIONS

12. Plaintiff incorporates all of its previous allegations by reference as if fully rewritten herein.

13. The policy of insurance issued by Plaintiff provides the following applicable provisions:

**DUTIES IN THE EVENT OF AN ACCIDENT OR LOSS**

For coverage to apply under this policy, **you** or the person seeking coverage must promptly report each **accident** or **loss** even if **you** or the person seeking coverage is not at fault. Refer to your policy documents for the claims phone number. **You** or the person seeking coverage must also obtain and provide **us** the names and addresses of all persons involved in the **accident** or **loss**, the names and addresses of any witnesses, and the license plate numbers of the vehicles involved…

A person seeking coverage must:

1. cooperate with **us** in any matter concerning a claim or lawsuit;

2. provide any written proof of loss **we** may reasonably require;

3. allow **us** to take signed and recorded statements, including sworn statements and examinations under oath, which **we** may conduct outside the presence of **you**, a **relative**, or any person claiming coverage, and answer all reasonable questions **we** may ask as often as **we** may reasonably require;

4. promptly call **us** to notify **us** about any claim or lawsuit and send **us** any and all legal papers relating to any claim or lawsuit; * * *

7. authorize **us** to obtain medical and other records; * * *

9. allow **us** to have the damage to an **insured auto** or other **auto** involved in an **accident** or **loss** inspected and appraised before its repair or disposal; and

10. authorize **us** access to **your** business or personal records as often as **we** may reasonably require.

The Commercial General Liability Endorsement states in part:

**COMMERCIAL GENERAL LIABILITY ENDORSEMENT**

Various provisions in this endorsement restrict coverage. Read the entire endorsement carefully to determine **your** rights, duties, and what is and is not covered.

**We** agree with **you** that the following coverage is added to **your** Commercial Auto Policy:

**ADDITIONAL DEFINITIONS USED IN THIS ENDORSEMENT**

The following definitions are in addition to those found in the Commercial Auto Policy. Except as otherwise defined in this endorsement, terms appearing in boldface type, whether in the singular, plural or possessive, will have the following meanings.

7. **"Insured"** means:

\*\*\*

    b. Each of the following is also an **insured**:

\*\*\*

    (ii) **Your** employees, other than **your executive offices** (if **you** are an organization other than a partnership, joint venture or limited liability company) or **your** managers (if **you** are a limited liability company), but only for acts within the scope of their employment by **you** or while performing duties related to the conduct of **your** business.

\*\*\*

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    a. **We** will pay those sums, OTHER THAN PUNITIVE OR EXEMPLARY DAMAGES, that the **insured** becomes legally obligated to pay as damages because of **bodily injury** or **property damage** to which this insurance applies. **We** will have the right

and duty to defend the **insured** against any **suit** seeking those damages. However, **we** will have no duty to defend the **insured** against any **suit** seeking damages for **bodily injury** or **property damage** to which this insurance does not apply. **We** may, at **our** discretion, investigate any **occurrence** and settle any claim or **suit** that may result.

\*\*\*

**EXCLUSIONS - READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS ENDORSEMENT.**

Coverage under Coverage A does not apply to:

\*\*\*

**d. Workers' Compensation and Similar Laws**

Any obligation for which an **insured** or an insurer of that **insured**, even if one does not exist, may be held liable under workers' compensation, unemployment compensation, disability benefits law, or any similar law.

**e. Employer's Liability Bodily injury** to:

    (1) An employee of any **insured** arising out of or within the course of:

        i. that employee's employment by any **insured**; or

        ii. performing duties related to the conduct of any **insured's** business; or

    (2) The spouse, child, parent, brother or sister of that employee as a consequence of Paragraph a. above.

This exclusion applies:

(a) Whether the **insured** may be liable as an employer or in any other capacity; and

(b) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the **insured** under an **insured contract**.

**f. Aircraft, Auto or Watercraft Bodily injury** or **property damage** arising out of:

(1) The ownership, maintenance, use, or entrustment to others of any aircraft, **auto** or watercraft owned or operated by or rented, leased or loaned to any **insured**; or

(2) Any **auto you** do not own, lease, hire, rent or borrow that is used in connection with your business. Use includes operation and **loading or unloading**. This exclusion applies even if the claims against any **insured** allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that **insured**, if the **occurrence** which caused the **bodily injury** or **property damage** involved the ownership, maintenance, use or entrustment to others of any aircraft, **auto** or watercraft that is owned or operated by or rented or loaned to any **insured**

**g. Mobile Equipment Bodily injury** or **property damage** arising out of:

(1) The transportation of **mobile equipment** by an **auto** owned or operated by or rented or loaned to any **insured**; or

(2) The use of **mobile equipment** in, which in practice for, or while being prepared for, any prearranged racing, speed, demolition, or stunting activity.

\*\*\*

## COUNT ONE
## DECLARATORY JUDGMENT

14. Plaintiff incorporates all of its previous allegations by reference as if fully rewritten herein.

15. Plaintiff has commenced this action to obtain the Court's determination of its obligation to defend and or indemnify Defendants for the claims made by Remington Avery in the State Action.

16. At all times relevant, Remington Avery was an employee of Lawson's Logging, LLC and/or Lawson Trucking.

17. The policy issued to James Lawson excludes from coverage any claims for bodily injury arising from the employment of the claimant.

18. The policy issued to James Lawson provides coverage to James Lawson and any employee of James Lawson but does not provide coverage to any other entity or its employees, such as Lawson's Logging, LLC, as that entity is not a named insured or insured by definition under Policy Number 04347968-7.

WHEREFORE, Plaintiff demands that the Court enter a declaratory judgment as follows:

1. That Remington Avery was an employee of Lawson's Logging, LLC and or James Lawson, dba Lawson Trucking on September 29, 2020;

2. That the bodily injury allegedly sustained by Remington Avery on that date occurred in the scope of his employment with Lawson's Logging and or James Lawson dba Lawson Trucking;

3. That Policy Number 04347968-7 excludes from coverage a defense or indemnity for claims of employees for bodily injury occurring in the scope of their employment against the named insured and any insured by definition;

4. That Policy Number 04347968-7 excludes from coverage bodily injury sustained while using mobile equipment;

5. That Policy Number 04347968-7 excludes from coverage bodily injury sustained using any automobile or loading or unloading any automobile;

6. Such other relief as may be appropriate.

Respectfully submitted,

*/s/ Andrew J. Ayers*
Andrew J. Ayers
Attorney for Plaintiffs