IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**PROGRESSIVE PREFERRED INSURANCE CO.,**

    Plaintiff,

    v.

**JAMES LAWSON, et al.,**

    Defendants.

CASE NO. 3:22 CV 2017

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Currently pending before the Court is Plaintiff Progressive Preferred Insurance Company's Motion for Default Judgment (Doc. 11). Defendants James Lawson, Randy Lawson, Randy Lawson, Jr., Lawson's Logging, LLC, and Lawson's Trucking filed a response in opposition and a Cross-Motion to Set Aside Entry of Default. (Doc. 13). Plaintiff responded/replied (Doc. 14) and Defendants filed a Notice of Affidavit in Support of their Cross-Motion (Doc. 15).

For the reasons discussed below, the Court denies Plaintiff's Motion for Default Judgment (Doc. 11), and grants Defendants' Motion to Set Aside the Entry of Default (Doc. 13).

### BACKGROUND

Plaintiff Progressive Preferred Insurance Company originally filed the above-captioned action against Defendants on November 8, 2022, seeking a declaratory judgment that it has no duty to defend Defendants in claims made by a third-party (Remington Avery) in an action filed in Dekalb County, Indiana Superior Court. (Doc. 1). Per the Complaint, Avery alleges in the

state action that he was injured while logs were being loaded by a "skid steer" operated by Randy Lawson. *Id.* at 3. Specifically, the suit seeks a declaratory judgment that: (1) Avery was an employee of Lawson's Logging, LLC, and/or James Lawson, doing business as Lawson Trucking, on September 29, 2020; (2) the bodily injury allegedly sustained by Avery on that date occurred in the scope of his employment; (3) the at-issue insurance policy excludes from coverage a defense or indemnity for claims of employees for bodily injury occurred in the scope of their employment against the named insured and any insured by definition; (4) the at-issue policy excludes from coverage bodily injury sustained while using mobile equipment; and (5) the at-issue policy excludes from coverage bodily injury sustained while using any automobile or loading or unloading any automobile. *Id.* at 7. The Complaint quotes certain policy provisions, including exclusions (Doc. 1, at 3-6); the policy is not attached to the Complaint.

Plaintiff obtained service on James Lawson, Randy Lawson, Randy Lawson, Jr., Lawson's Logging, LLC, on November 15, 2022. (Doc. 4). Plaintiff obtained service on Lawson's Trucking in December 2022. *See* Doc. 6. After no Defendant filed a responsive pleading within the relevant timeframe, Plaintiff sought – and was granted – an entry of default. (Docs. 9, 10).

Plaintiff subsequently filed the currently-pending Motion for Default Judgment. (Doc. 11).

### STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 55(c), the Court may set aside an entry of default for "good cause." In determining whether good cause exists, the Court must consider: "(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced." *Waifersong, Ltd. v.*

*Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). Consequently, "mere negligence or failure to act reasonably is not enough to sustain a default." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 327 (6th Cir. 2010).

The Sixth Circuit reviews such a decision for abuse of discretion. *See Shepard Claims Serv.*, 796 F.2d at 193. Although "[a]ll three factors must be considered in ruling on a motion to set aside an entry of default," when a defendant has a meritorious defense and the plaintiff would not be prejudiced, "it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Id.* There is a "strong preference for trials on the merits in the federal courts." *Id.*

### DISCUSSION

Defendants argue the entry of default should be set aside, and the Motion for Default Judgment denied, because their actions were not the result of culpable conduct, Plaintiff will not be prejudiced by setting aside the default, and they have a meritorious defense to Plaintiff's claims. (Doc. 13). Specifically, Defendants contend Remington Avery was not acting as an employee of Defendants when injured. *Id.* at 7. They submit an affidavit from James Lawson asserting Avery was acting as an independent contractor; attached to the affidavit is a 2020 IRS Form 1099-NEC Nonemployee compensation document. *See* Doc. 15.

In response, Plaintiff does not contend it will be prejudiced, nor does it argue Defendants' conduct was willful. *See* Doc. 14, at 3. However, Plaintiff argues Defendants cannot demonstrate a meritorious defense because "[i]t is undisputed that [Avery] was working under the direction

3

and control of the Defendants on the day of his injury, regardless of how Defendants treated him for accounting purposes", and therefore, under Ohio law, "he was an employee." *Id.* (citing, *W. World Ins Co. v. Spevco, Inc.*, 109 Ohio App. 3d 122 (10th Dist. 1996); *Nationwide Mutual Fire Ins. Co. v. Guman Bros. Farm*, 73 Ohio St. 3d 107 (1995)). Plaintiff further contends Defendants "do not assert any defense to the allegations that the injured party was loading an auto or that he was using mobile equipment." *Id.* at 4.

To establish a meritorious defense for purposes of setting aside a default, a defendant must simply advance a defense that is "good at law," not necessarily one that is likely to succeed. *See United Coin Meter Co. Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1989). The key to the meritorious defense inquiry is the determination of "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *INVST Fin. Group., Inc. v. Chem-Nuclear Sys., Inc.,* 815 F.2d 391, 399 (6th Cir. 1987).

At this early stage of the proceedings, where the Court does not have the entire at-issue policy or detailed facts regarding the underlying injury and claim, and given the "strong preference for trials on the merits in the federal courts", *Shepard Claims Serv.*, 796 F.2d at 193, the Court finds the appropriate course of action is to set aside the default.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion for Default Judgment (Doc. 11) be, and the same hereby is, DENIED; and it is

FURTHER ORDERED that Defendants' Cross-Motion to Set Aside Default (Doc. 13) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Defendants shall file their Answer or other responsive pleading to the Complaint on or before April 28, 2023.

 s/ <em>James R. Knepp II</em>        
UNITED STATES DISTRICT JUDGE